FILED & JUDGMENT ENTERED
Steven T. Salata

May 16 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                              )
                                    )
KELLY GILMER JOHNSON,               )    Case No. 15-31929
                                    )         Chapter 7
            Debtor.                 )

ORDER AUTHORIZING TRUSTEE TO SELL REAL ESTATE AT PRIVATE SALE
OUTSIDE OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS
AND INTERESTS

THIS CAUSE coming on to be heard and being heard before the undersigned Judge of the Bankruptcy Court for the Western District of North Carolina on May 12, 2016 upon the *TRUSTEE'S MOTION FOR AUTHORITY TO SELL REAL ESTATE AT PRIVATE SALE OUTSIDE OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS AND INTERESTS* (the "Motion") with appearances as noted in the Court's record, and it appearing to the Court that the parties present have agreed in open court to the entry of this order and the Court having reviewed the Motion and the Court's file, the Court makes the following:

FINDINGS OF FACT

1.    The Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on December 4, 2015 and A. Burton Shuford was appointed Chapter 7 Trustee.

2.    The Debtor, as of the commencement of this case, was the owner, along with her ex-husband, Paul D. Johnson, of **908 Resort Circle, Unit #405, Sunset Beach, North Carolina, 28468** (the "Real Property").

3.    The Trustee proposes to sell the Real Property at private sale outside of the ordinary course of business to James Peters and Donna Peters (collectively, the "Buyer") for a total purchase price of $112,500. A copy of the Offer to Purchase and Contract (the "OTP") was attached to the Motion as Exhibit "A." The Real Property is being sold on an "as-is" basis, except as reflected in Paragraph 6 below.

4. The Trustee is informed and believes and so alleges that the Real Property is subject to no liens, other than past due ad valorem taxes and a judgment in favor of Colony II Homeowners Association, Inc. for past due HOA dues.

5. The Colony II Homeowners Association has presented two Certificates of Assessment which provide as follows: a) Dues, late fees and cable disconnect for the Real Property through April 5, 2016 total $7,454; b) Monthly HOA dues are $358 per month. The Colony II Homeowners Association also billed the estate $75 for each Certificate of Assessment. The total amount due to the Colony II Homeowners Association from the estate as of April 14, 2016, not including attorney's fees and expenses, is $7,604.00, per the Certificates of Assessment provided to the Trustee.

6. The estate is responsible for the payment of deed tax stamps, past due ad valorem taxes, prorated 2016 ad valorem taxes, current and past due HOA dues through the date of the closing and for the preparation of the deed and any other costs necessary to deliver marketable title.

7. The estate has also agreed to allow the Buyer a credit at closing in the sum of $4,300 for the replacement of the HVAC unit.

8. The Trustee and Paul Johnson have agreed to escrow the sum of $15,000 for the payment of attorney's fees and costs of Colony II Homeowners Association, Inc. as this Court may subsequently determine to be owed in a subsequent proceeding.

9. Pursuant to the terms of the sale and the Exclusive Listing Contract entered into with Shirley Johnson of Coldwell Banker Sloane Realty and approved by the Court by its *Order Approving Exclusive Right to Sell Listing Agreement and Authorizing Trustee to Execute and Enter into Same* (Docket No. 39) the estate is obligated to pay a real estate commission to Shirley Johnson of Coldwell Banker Sloane Realty equal to six (6%) percent of $112,500, the gross sales price of the Real Property.

10. Section 363 (b) of the Bankruptcy Code provides that a trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." See 11 U.S.C. § 363(b).

11. The proposed sale of the Real Property on the terms and conditions as set forth in the Offer to Purchase and Contract is clearly in the best interest of the Debtor, her estate and the creditors of the Debtor.

12. Paul D. Johnson, through his counsel, has indicated that he is in agreement with the sale as proposed by the Trustee.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the sale as proposed in the Motion shall be and hereby is approved and the Trustee is hereby authorized to execute a deed and other documents necessary to close the sale;

      2.      The Trustee is hereby authorized to pay real estate commission to Shirley Johnson of Coldwell Banker Sloane Realty in the sum of $6,750 and the other expenses of the sale from the proceeds of the sale; and,

      3.      The Trustee is hereby authorized to pay at the closing of the sale, the past due HOA dues and late fees in the amount of $7,604 plus all and current homeowner's dues and late fees, calculated through the date of closing, to Colony II Homeowners Association, Inc.;

      4.      The Trustee shall escrow the sum of $15,000 from the net proceeds of the sale and hold such funds for the payment of attorney's fees and costs of Colony II Homeowners Association, Inc. as such fees and expenses may be allowed by this Court in a subsequent proceeding;

      5.      The sale of the Property shall be and hereby is free and clear of all liens and interests, including but not limited to the lien of Colony II Homeowners Association, Inc. which liens and interests shall attach to the net proceeds of the sale, except that the lien of Colony II Homeowners Association, Inc. shall only attach to the $15,000 escrowed by the Trustee;

      6.      That all of the net proceeds of the sale be paid into this bankruptcy estate, subject to escrow of $15,000 as ordered above, and the division between the estate and Paul B. Johnson as the Court may subsequently order; and,

      7.      This Order shall be immediately effective and the provisions of Bankruptcy Rule 6004(g) staying the order allowing this sale for ten days shall not apply to this transaction.

This Order has been signed electronically.                    United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.